Parker C. J.
delivered the opinion of the Court. The question in this case is, whether the contract of enlistment in the rifle company raised in Dudley under authority of the governor and council, was dissolved by the voluntary removal of the petitioner into the adjoining town of Oxford, which is without the limits of the regiment to which the company is attached, though within the brigade of which that regiment is part.
And we are of opinion, that such dissolution of the contract is not produced by such a removal. The restriction under which the authority to raise the company was given, to wit, that it should be raised within the limits of the town of Dudley, does not necessarily import, that the members who enlisted were exonerated from their contract by a voluntary removal. The object of the restriction must have been, to prevent the standing companies of other towns from being broken in upon; and that purpose is answered by a restraint upon the enlistment. And it may often happen, that the removal to another town does not carry the member further from the centre <-.f his company, than he was before, or than many of the members who remain within the town ; and no inconvenience to the member who removes will necessarily result from continuing his connexion with the company, which he assisted to form. And it seems to be a suitable case for the discretion of the brigadier-general, to whom is committed by law the duty of *446 deciding upon applications for a discharge, and who, it must always he presumed, will exercise his authority with due regard to the personal circumstances of the applicant, as well as the interests of the militia in general and the particular company to which the applicant may belong.
It must be considered, that by the law then in force, the members of volunteer companies had a right to continue their connexion, notwithstanding their removal, upon producing a certificate of their equipments and that they did active duty in such companies. This proves that the mere removal is not a dissolution of the enlistment.
There ought to be some act, therefore, upon which the dissolution should rest, other than a mere removal; and that should be an application to the brigadier-general for a discharge.
We think that the case of the Commonwealth v. Cummings, differs from this. In that case, the petitioner had removed out of the limits of the brigade ; of course beyond the jurisdiction of the brigadier-general. He had a right so to remove, and being there, the presumption was strong, that he could not, without great personal expense and inconvenience, attend the trainings of the company to which he had belonged. An application to the brigadier-general would have been useless, and therefore was not required. In this case, the party remains within the brigade and subject to the jurisdiction of the brigadier-general, and therefore ought to be held to apply to him for a discharge.